IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:12-CV-133-BO

| | |
|---|---|
| SHERRY HOLTON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ORDER ) |
| CAROLYN W. COLVIN, *Acting Commissioner of Social Security*, | ) ) ) ) |
| Defendant. | ) |

This cause comes before the Court on cross-motions for judgment on the pleadings. A hearing was held on these matters before the undersigned on July 24, 2013, at New Bern, North Carolina. For the reasons discussed below, the decision of the Commissioner is reversed.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying her claim for disability and disability insurance benefits (DIB) pursuant to Title II of the Social Security Act. Plaintiff protectively filed for DIB on May 29, 2009, alleging disability since January 24, 2004. After an initial denial, a hearing was held before an Administrative Law Judge (ALJ) who issued an unfavorable ruling. The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then timely sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. 42 U.S.C. § 405(g); *see Hays v. Sullivan*,

907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence consists of more than a mere scintilla of evidence, but may be less than a preponderance of evidence. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). The Court must not substitute its judgment for that of the Commissioner if the Commissioner's decision is supported by substantial evidence. *Hays,* 907 F.2d at 1456.

In evaluating whether a claimant is disabled, an ALJ uses a multi-step process. First, a claimant must not be able to work in a substantial gainful activity. 20 C.F.R. § 404.1520. Second, a claimant must have a severe impairment that significantly limits his or her physical or mental ability to do basic work activities. *Id.* Third, to be found disabled, without considering a claimant's age, education, and work experience, a claimant's impairment must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* Fourth, in the alternative, a claimant may be disabled if his or her impairment prevents the claimant from doing past relevant work and, fifth, if the impairment prevents the claimant from doing other work. *Id.*

At step one, the ALJ determined that plaintiff had not engaged in substantial gainful activity since her alleged onset date. Plaintiff's cervical radiculopathy, depression, and post-traumatic stress disorder were considered severe at step two but did not meet or equal a listing at step three. After finding plaintiff's statements not entirely credible, the ALJ concluded that plaintiff could perform a reduced range of sedentary work. Plaintiff's impairments prevented her from returning to her past relevant work at step four, but the ALJ concluded, based on the testimony of a vocational expert, that jobs existed in significant numbers in the national economy that plaintiff could perform. Thus, the ALJ determined that plaintiff was not disabled as of the date of her opinion.

A prior adjudication by an ALJ awarding or denying benefits is highly probative, though not conclusive, in a subsequent application and adjudication for the same claimant. *Albright v.*

2

*Commissioner of Social Sec. Admin.*, 174 F.3d 473, 477 (4th Cir. 1999). In an Acquiescence Ruling, AR 00-1(4), 2000 WL 43774, at *3, (Jan. 12, 2000), the Social Security Administration explained that it would apply *Albright* in the Fourth Circuit by requiring an adjudicator to consider prior findings by an ALJ "as evidence and give it appropriate weight in light of all relevant facts and circumstances." If the Commissioner produces "substantial evidence of improvement in a claimant's condition, . . . the prior finding to the contrary need not [be] been sustained. Absent such evidence, however, common sense and logic dictate[] that [a claimant's] physical condition [is] unlikely to [improve] significantly." *Albright*, 174 F.3d at 477 (quotation and citation omitted).

Plaintiff was previously denied disability benefits in a decision dated July 21, 2006, wherein the ALJ found that plaintiff could perform sedentary work but would require, among other restrictions, a sit/stand option every thirty minutes. Tr. 58-59. In the decision that is the subject of the instant appeal, the ALJ again limited plaintiff to sedentary work, but failed to include or explain her basis for not including a sit/stand option in plaintiff's RFC. Indeed, although plaintiff again alleged disability due to her hip problems, the ALJ failed to even consider plaintiff's hip pain when determining which of her impairments were severe at step two. While the ALJ noted that an x-ray in 2006, subsequent to the first unfavorable decision, revealed that plaintiff's hip fracture had healed well, the ALJ failed to address the evidence in the record of plaintiff's continued complaints of hip pain after 2006. *See e.g.* Tr. 255, 261, 991. Absent any showing that plaintiff had improved sufficiently to demonstrate that in her current application she no longer required additional postural restrictions, the Court concludes that it was error to fail to include a sit/stand option in plaintiff's RFC.

A finding that a claimant can perform only a reduced range of sedentary work reflects serious

3

limitations and is expected to be rare. SSR 96-9p. Both plaintiff's neurologist and her pain management specialist opined that plaintiff would be unable or would have difficulty returning to work, and those opinions were supported by objective medical evidence as well as plaintiff's subjective complaints of pain. Tr. 990, 991. It was plain error for the ALJ to conclude that plaintiff's statements regarding the severity of her pain were not credible because plaintiff was able to have children during the relevant time period, and the record reveals that, contrary to the ALJ's reasoning, plaintiff required assistance to care for her children, Tr. 34, and there is ample evidence of plaintiff's antalgic or abnormal gait. Tr. 255, 263, 324. Therefore, because the ALJ's credibility finding is not supported by substantial evidence, nor is her finding that plaintiff could perform work on a sustained and continuing basis.

## *Reversal for Award of Benefits*

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one that "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F. Supp. 230, 237 (E.D.N.C. 1987); *see also Evans v. Heckler*, 734 F.2d 1012, 1015 (4th Cir. 1984). When "[o]n the state of the record, [plaintiff's] entitlement to benefits is wholly established," reversal for award of benefits rather than remand is appropriate. *Crider v. Harris*, 624 F.2d 15, 17 (4th Cir. 1980). The Court finds that, on the state of this record, reversal is appropriate. The vocational expert in this matter testified that when a sit/stand option was included in plaintiff's RFC only one job would exist in the economy that plaintiff could perform and that if plaintiff's complaints regarding her pain and need to take breaks were credible there would be no jobs that plaintiff could perform. Remand for a second hearing is therefore unnecessary.

4

## CONCLUSION

Plaintiff's motion for judgment on the pleadings [DE 24] is GRANTED and defendant's motion for judgment on the pleadings [DE 27] is DENIED. The decision of the ALJ is REVERSED and this matter is REMANDED to the Acting Commissioner for an award of benefits.

SO ORDERED, this 23 day of August, 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE